# EXHIBIT 4

1/15/2007 Fla. B. News 15
The Florida Bar News
Vol. 34, No. 2
Copyright 2007 by the Florida Bar

January 15, 2007

Disciplinary Actions

The Florida Supreme Court in recent court orders suspended 13, disbarred nine, reprimanded seven, and placed six attorneys on probation.

The following lawyers are disciplined:

Roy A. Alterman, 2115 Palm Bay Road N.E., Palm Bay, suspended from practicing law in Florida for 10 days, effective November 17, following an October 5 court order. (Admitted to practice: 1990) Alterman failed to act with reasonable diligence in representing a client and engaged in conduct in connection with the practice of law that is prejudicial to the administration of justice. (Case Nos. SC05-1839 & SC06-32)

Antonio R. Arnao, P.O. Box 1128, Largo, reprimanded for professional misconduct, following an October 12 court order. (Admitted to practice: 1988) Arnao did not act with reasonable diligence and promptness in representing a client. (Case No. SC06-1971)

J. Rod Cameron, 5089 Highway 90, Pace, suspended from practicing law in Florida for 90 days retroactive to July 6, the date of his felony suspension, following an October 5 court order. Additionally, upon reinstatement, Cameron will be placed on probation for three years. (Admitted to practice: 1996) Cameron engaged in misconduct and minor misconduct as well as criminal misconduct. In April, he pled guilty, with adjudication withheld, to purchasing a controlled substance, a second-degree felony, and he was adjudicated guilty of a first-degree misdemeanor, possession of drug paraphernalia. (Case No. SC06-1434)

Peter James Correnti, P.O. Box 699, Sorrento, reprimanded following an October 5 court order. (Admitted to practice: 1990) Correnti engaged in conduct in connection with the practice of law that is prejudicial to the administration of justice, failed to respond, in writing, to an official inquiry by Bar counsel and committed an act that is unlawful or contrary to honesty and justice. (Case No. SC06-1424)

Sarino R. Costanzo, 10659 N.E. Quaybridge Ct., Miami, disbarred from practicing law in Florida, effective 30 days from an October 19 court order. (Admitted to practice: 1950) Costanzo violated several rules for the holding and handling of trust account funds. (Case No. SC06-1541)

William Lance Gerlin, 325 N. Calhoun St., Tallahassee, reprimanded and placed on 18 months probation for professional misconduct, following an October 26 order. (Admitted to practice: 1973) Gerlin violated rules related to communicating with and keeping clients properly informed. (Case No. SC05-1681)

Justin Edward Gould, 4014 Chase Ave., Suite 219, Miami Beach, suspended from practicing law in Florida for 90 days, effective 30 days from an October 12 order, and directed to complete ethics school. (Admitted to practice: 1996) Gould violated rules of professional practice by failing to adequately communicate with clients and keep them apprized of the status of their cases as well as diligently and competently representing them. (Case No. SC06-889)

Cathy Lynn Harrison, 505 S. 56th St., Tampa, suspended from practicing law in Florida for one year immediately for professional misconduct, following an October 5 court order. (Admitted to practice: 2000) Harrison failed to adequately communicate with clients, was not diligent in representing them and displayed conduct prejudicial to the administration of justice. (Case No. SC06-619)

[No title], 1/15/2007 FLBN 15

Norman C. Hartsel, 14 Royal Beach, Johns Island, S.C., disbarred from practicing law in Florida, effective immediately, following an October 12 court order. (Admitted to practice: 1983) Hartsel engaged in misconduct and minor misconduct and a criminal act. Hartsel was found guilty in the U.S. District Court for the Northern District of Ohio, Western Division, of the felony of aiding and abetting embezzlement from a union fund. (Case No. SC06-1947)

Joseph Francis Keeley III, 2424 N. Federal Highway, Suite 314, Boca Raton, disbarred from practicing law in Florida, effective 30 days from an October 9 court order. (Admitted to practice:1972). Keeley did not act with diligence and promptness in representing a client and failed to promptly deliver the real estate sale proceeds held in trust to an estate. (Case no. SC04-48)

Knovack Gramby Jones, P.O.Box 17036, Hialeah, permanently disbarred from practicing law in Florida, effective immediately, following an October 12 court order. (Admitted to practice: 1983) Jones continued to engage in the practice of law after the Florida Supreme Court on September 30, 2004, ordered her not to accept any new clients. (Case No. SC06-285)

James Anthony Konides, 9650 Strickland Road, Suite 103-250, Raleigh, N.C., suspended from the practice of law in Florida for 30 days, effective 30 days from an October 26 court order, for professional misconduct. (Admitted to practice: 1986) Konides collected an excessive fee and knowingly disobeyed a court order. (Case No. SC06-1096)

John Shields Locke, 535 Park Ave. N., Suite 222, Winter Park, disbarred effective immediately, following an October 12 court order. (Admitted to practice: 2000) Locke engaged in conduct that is unlawful or contrary to honesty and justice; failed to competently represent a client; engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation; and engaged in conduct in the practice of law that is prejudicial to the administration of justice. (Case No. SC06-966)

Thomas Anthony Maiello, 2502 Orient Road, Tampa, suspended from practicing law in Florida for 30 days, effective 30 days from an October 5 court order, and then placed on probation for two years. (Admitted to practice: 1995) Maiello failed to keep a client reasonably informed as to the status of a matter, failed to promptly comply with reasonable requests for information, and failed to respond in writing to an official inquiry. (Case Nos. SC05-2295 & SC06-696)

Gabriel I. Martin, 501 N.E. 1st Ave., Suite 200, Miami, suspended from practicing law in Florida until further order of the court, following an October 16 court order. (Admitted to practice: 1999). There is clear, convincing, and undeniable evidence that Martin appears to be causing great public harm by assisting a suspended Florida attorney in facilitating a real estate fraud. (Case No. SC06-1932).

J. William Masters II, 2901 Curry Ford Road, Suite 207, Orlando, reprimanded and placed on probation for one year, effective immediately, following an October 26 court order. (Admitted to practice: 1973) Masters failed to act with reasonable diligence and promptness in representing a client, failed to keep a client reasonably informed about the status of a matter, failed to promptly comply with reasonable requests for information, and failed to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding representation. (Case No. SC06-884)

Gregory A. Meeks II, 37 N. Orange Ave., Suite 500, Orlando, suspended from the practice of law in Florida for 91 days, effective 30 days from an October 25 court order. (Admitted to practice: 2001) Meeks failed to abide by a client's discussions concerning the objectives of representation, failed to act with reasonable diligence and promptness in representing a client and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. (Case No. SC06-289)

Dean Fredrick Mosley, 20 N. Orange Ave., Suite 807, Orlando, reprimanded and placed on probation for two years, following an October 5 court order. (Admitted to practice: 1985) Mosley was negligent in dealing with client property, and engaged in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system. (Case No. SC06-956)

Stephen Hill Nelson, 1200 Brickell Ave. Suite 515, Miami, disbarred permanently from practicing law in Florida, effective immediately following an October 26 court order. (Admitted to practice: 1976) Nelson engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and received client trust funds that he failed to preserve and/or disburse. (Case No. SC06-2034)

Kevin Scott Robbie, 3025 Haley Lane, Jacksonville, suspended from the practice of law in Florida for one year, effective 30 days from an October 5 court order. (Admitted to practice: 1996) Robbie failed to competently and diligently represent a

[No title], 1/15/2007 FLBN 15

client, failed to inform a client about the status of representation, and failed to respond, in writing, to an official inquiry by Bar counsel. (Case No. SC06-883)

Harley Rosenthal, 1124 N.W. 111th Ave., Plantation, disbarred retroactive to July 17, following an October 26 court order. (Admitted to practice: 1997) Rosenthal committed an act that is unlawful and contrary to honesty and justice, violated Florida Bar rules regulating trust accounts, failed to keep a client reasonably informed about the status of a matter, failed to act with reasonable diligence and promptness in representing a client, failed to respond to an official inquiry by Bar counsel or disciplinary agency, and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. (Case No. SC06-1499)

Ramon Sarmiento, 6937 Bay Drive, Apt. 509, Miami Beach, suspended from practicing law in Florida for 30 days, effective December 1, following an October 26 court order. (Admitted to practice: 2003) Sarmiento was arrested on March 18, 2006, for possession of a controlled substance. (Case No. SC06-1999)

Diana Kilpatrick Simpson, P.O. Box 4714, Ocala, reprimanded and placed on probation for three years, following an October 12 court order. (Admitted to practice: 1983) Simpson failed to provide a client with competent representation, failed to keep a client reasonably informed about the status of a matter and failed to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding representation. (Case No. SC06-1969)

James L. Slater, 36370 U.S. Highway 19 N., Palm Harbor, reprimanded, following an October 12 court order. (Admitted to practice: 1981) Slater failed to act with reasonable diligence and promptness in representing a client, failed to keep a client reasonably informed about the status of a matter, and failed to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. (Case No. SC06-1970)

**Michael** Gary **Stepakoff**, 8370 W. Hillsborough Ave., Suite 208, Tampa, suspended from the practice of law in Florida for six months, effective 30 days from an October 26 court order. (Admitted to practice: 1990) Stepakoff committed an act that is unlawful or contrary to honesty and justice, failed to act with reasonable diligence and promptness in representing a client, failed to keep a client reasonably informed about the status of a matter, charged an excessive fee or cost, and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. (Case No. SC06-762)

Ovide Val, 1065 N.E. 125th St., Suite 102, Miami, suspended from the practice of law in Florida for 10 days, effective 30 days from an October 26 court order. (Admitted to practice: 2000) Val failed to provide a client with competent representation, failed to act with reasonable diligence and promptness in representing a client, failed to keep a client reasonably informed about the status of a matter, failed to promptly comply with reasonable requests for information, and collected an excessive fee. (Case No. SC06-1433)

Valerie M. Velella, 609 N.W. 8th St., Dania Beach, suspended from practicing law in Florida effective October 20, following an October 23 court order. (Admitted to practice: 1994) Velella failed and refused to respond to The Florida Bar's investigative inquiries and to produce the records compelled by the grievance committee subpoenas served to her June 22, and, therefore, poses a significant risk of public harm. (Case No. SC06-1426)

Stanley Craig Wakefield, 2409 Brookside Ave., Kissimmee, disbarred from the practice of law in Florida, effective immediately, following an October 19 court order. (Admitted to practice: 1981) Wakefield committed a criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer, and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. (Case No. SC06-1498)

Vincent J. Whibbs, Jr., 1801 E. Jackson St., Pensacola, disbarred for five years from the practice of law in Florida, effective 30 days from an October 19 court order. (Admitted to practice: 1968) Whibbs engaged in misconduct and criminal misconduct. He converted and misappropriated client trust funds over a period of several years and used client funds to fund his personal investments. (Case No. SC06-1917)

Court orders are not final until time expires to file a rehearing motion and, if filed, determined. The filing of such a motion does not alter the effective date of the discipline.

---

**End of Document**                                         © 2021 Thomson Reuters. No claim to original U.S. Government Works.